UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF MILLIE ANN MCDANIELS, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Case No. 12-202 (RJL) |
| v. | ) ) | |
| LIBERTY MUTUAL GROUP INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(August **31**, 2012) [Dkt. # 4]

Plaintiff, the Estate of Millie Ann McDaniels (the "Estate"), brings this action against defendant Liberty Mutual Group, Inc. ("Liberty Mutual"), seeking damages for breach of fiduciary duty, breach of contract, breach of implied duty of good faith and fair dealing, and negligence. *See* Compl. [Dkt. #1]. Before the Court is defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Motion of Defendant Liberty Mutual Group Inc. to Dismiss Plaintiff's Complaint ("Def.'s Mot.") [Dkt. #4] is GRANTED.

## BACKGROUND

The Estate is seeking damages arising from defendant's alleged failure to timely and accurately pay workers' compensation benefits. In 1983, Fletcher McDaniels, an employee of John H. Hampshire, Inc., was exposed to asbestos in the course of his

employment. Compl. ¶ 4. Thereafter, Mr. McDaniels applied for and was granted

workers' compensation benefits from Liberty Mutual, his employer's insurance carrier.[1]

Compl. ¶ 5; Statement of P. & A. in Supp. of Def.'s Mot. ("Def.'s Mem.") [Dkt. #4-1]

at 2-3. When Mr. McDaniels died in 1989, Millie Ann McDaniels "became entitled to

receive the benefits as the spouse and total depend[e]nt of Fletcher McDaniels."[2] Compl.

¶ 6. Mrs. McDaniels died in July 2010, but, before Liberty Mutual ceased making benefit

payments,[3] it discovered "that it owed additional benefits to [Mrs.] McDaniels due to an

incomplete payment of cost of living adjustments ([] 'COLA')." Def.'s Mem. at 3; *see*

*also* Compl. ¶ 9. Defendant initially determined that it owed the Estate over $450,000,

Compl. ¶ 9; however, upon recalculation, defendant reduced the amount to approximately

$150,000, *id.* ¶ 12. Liberty Mutual petitioned the Superior Court for the District of

Columbia, Probate Division, for an order "declaring . . . the amount owed to the

[E]state . . . and specify[ing] the persons to be paid." *Id.* ¶ 13. On September 30, 2011,

---

[1] "[T]he District of Columbia Department of Employment Services . . . determined that Fletcher McDaniels was entitled to permanent disability compensation under D.C. Code § 32-1508 of the District of Columbia Workers' Compensation Act." Def.'s Mem. at 2-3.

[2] Mrs. McDaniels relied on these benefits as her sole source of income until her death in July 2010. Compl. ¶¶ 7-8. The Estate now claims that "the benefits paid to Mrs. McDaniels were not sufficient to cover her medical costs and basic living needs" between 2005 and her death in 2010. *Id.* ¶ 8.

[3] Although Mrs. McDaniels died in July 2010, defendant continued to issue benefit checks until December 2010, when it learned of Mrs. McDaniels' death. Def.'s Mem. at 3 & n.5.

the Probate Division issued an order directing Liberty Mutual to pay $155,209.21[4] to the

co-administrator of the Estate, Def.'s Mem. at 4; Compl. ¶ 15, which defendant did on

October 5, 2011, Def.'s Mem. at 4; *see also* Compl. ¶¶ 20, 26, 32, 38 (listing the

outstanding amount as "$288,158.81, plus interest accruing since 1983").

On December 19, 2011, plaintiff filed this suit against Liberty Mutual in Superior

Court for the District of Columbia, challenging the amount owed and asserting four

causes of action arising from the alleged underpayment. *See* Compl. Plaintiff claims that

defendant owed the Estate a total of $438,652.96, Compl. ¶ 14, and thus, still owes the

Estate "$288,158.81, plus interest accruing since 1983," Compl. ¶¶ 20, 26, 32, 38.

According to plaintiff, as a result of Liberty Mutual's underpayment of benefits,

defendant was negligent and breached its fiduciary duty, its contractual duty, and its

implied duty of good faith and fair dealing by failing "to make COLA payments in

accordance with District of Columbia law and/or regulation," Compl. ¶¶ 19, 25, 31, 37,

causing "Mrs. McDaniels [to be] unable to meet her basic living needs" and ultimately

"caus[ing] or contribut[ing] to her untimely death in July 2010," Compl. ¶¶ 21, 27, 33,

39.

Liberty Mutual removed the action to this Court on February 8, 2012, Notice of

Removal [Dkt. #1], and filed a motion to dismiss on February 13, 2012, Def.'s Mot.

---

[4] According to the Complaint, the court order directed payment of $150,494.15, Compl. ¶ 15, but the Probate Division order indicates that the amount was $155,209.21, Ex. 1 to Def.'s Mot, Probate Division Order Granting Petition by Interested Party, [Dkt. #4-2] at 5; *see also* Def.'s Mem. at 4. *See Weil v. Markowitz*, 829 F.2d 166, 173 n.15 (D.C. Cir. 1987) ("We are free to take judicial notice of this related proceeding in another court."); *Dupree v. Jefferson*, 666 F.2d 606, 608 n.1 (D.C. Cir. 1981) (taking judicial notice of "related proceedings in other courts").

Defendant argues that plaintiff's tort claims (Counts I, III, and IV) should be dismissed for lack of subject matter jurisdiction because these claims arise out of Liberty Mutual's failure to pay accurate workers' compensation benefits pursuant to § 32-1506 of the District of Columbia Workers' Compensation Act (the "Act"), and therefore, the Department of Employment Services ("DOES") has primary jurisdiction. *See* Def.'s Mem. at 6-7. Defendant contends that plaintiff's breach of contract claim (Count II) should be dismissed for failure to state a claim because no contractual relationship existed between Mrs. McDaniels and Liberty Mutual.[5] *Id.* at 14. For the reasons that follow, defendant's motion is GRANTED.

## STANDARD OF REVIEW

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations and quotation marks omitted). Furthermore, "the court need not accept inferences drawn

---

[5] In the alternative, defendant contends that the complaint should be dismissed for failure to state a claim because: (1) the exclusive remedy for plaintiff's tort claims is limited to reimbursement and late fees under the Act, *id.* at 13-14; (2) plaintiff has failed to exhaust its administrative remedies, *id.* at 6-7, 10; (3) plaintiff has not demonstrated proximate cause to support its negligence claim, *id.* at 15; (4) plaintiff is unable to prove damages to support its breach of contract claim because the defendant already paid the past-due COLA payments, *id.* at 14-15; and (5) the District of Columbia does not recognize a cause of action for bad faith, *id.* at 17-18.

by plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint."

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  When facing a

Rule 12(b)(1) motion to dismiss, plaintiff bears the burden of demonstrating that

jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).  The

court may, however, consider "any documents either attached to or incorporated in the

complaint and matters of which [the court] may take judicial notice."  *EEOC v. St.*

*Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## ANALYSIS

The District of Columbia Workers' Compensation Act provides the exclusive

remedy for employees suffering from work-related injuries.[6]  D.C. Code § 32-1504;

*Estate of Underwood v. Nat'l Credit Union Admin.*, 665 A.2d 621, 630 (D.C. 1995);

*Garrett v. Wash. Air Compressor Co.*, 466 A.2d 462, 463 (D.C. 1983).  Thus, when

injuries clearly are covered by the Act or there is a "substantial question whether the

[Act] applies, the administrative agency charged with implementing the

statute[—here, the DOES—]given its special expertise, has primary jurisdiction."

*Underwood*, 665 A.2d at 631 (quoting *Harrington v. Moss*, 407 A.2d 658, 661 (D.C.

1979)) (internal quotation marks omitted).  Plaintiff alleges injuries arising out of

---

[6] The *Erie* doctrine requires federal courts sitting in diversity to apply state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Hall v. C & P Tel. Co.*, 793 F.2d 1354, 1355 (D.C. Cir. 1986) (applying the D.C. Court of Appeals interpretation of the D.C. Workers' Compensation Act, after finding the Act to be "local law," and upholding the district court's dismissal for lack of subject matter jurisdiction); *see also U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1133 (9th Cir. 2011) ("[T]he California Workers' Compensation Act's exclusivity provisions are substantive provisions which, under *Erie*, a district court sitting in diversity is bound to follow." (citation and internal quotation marks omitted)).

defendant's failure to make timely and complete benefit payments. Pl.'s Mem. in Opp'n

to Def.'s Mot. ("Pl.'s Opp'n") [Dkt. #7] at 1. Because the "Act provides a specific

remedy for" such claims, *Garrett*, 466 A.2d at 463, or at the very least, there is a

"substantial question whether the [Act] applies," *Underwood*, 665 A.2d at 631, both the

District of Columbia Court of Appeals and the U.S. Court of Appeals for the District of

Columbia Circuit have held—*and plaintiff concedes*—that plaintiffs are barred from

raising "tort[] claims against a workers' compensation insurer for failure to timely pay

benefits." Pl.'s Opp'n at 4 (citing *Garrett*, 466 A.2d 462 and *Hall v. C & P Tel. Co.*, 793

F.2d 1354 (D.C. Cir. 1986), *reh'g denied*, 809 F.2d 924 (D.C. Cir. 1987)).[7] Therefore,

the DOES has primary jurisdiction over plaintiff's claims for breach of fiduciary duty,

breach of implied duty of good faith and fair dealing, and negligence,[8] and, in accordance

---

[7] Plaintiff acknowledges that, under *Garrett* and *Hall*, "[p]laintiff's claims are barred by the exclusivity provision of the" Act, and, instead, argues that these cases "were wrongly decided." Pl.'s Opp'n at 1, 4. Unfortunately for plaintiff, this Court is bound by the *Erie* doctrine and principles of *stare decisis* to apply the rule of law prescribed in these cases. *See Erie*, 304 U.S. 64; *Brewster v. Comm'r*, 607 F.2d 1369, 1373 (D.C. Cir. 1979) (discussing principles of *stare decisis*); *see also* Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply") [Dkt. #8] at 2.

[8] The Court notes that the Act provides a specific remedy for untimely payments, *see* D.C. Code § 32-1515(f) ("If any compensation . . . is not paid [on time] . . . , there shall be added to such unpaid compensation an amount equal to 20% thereof, which shall be paid at the same time as, but in addition to, such compensation . . . ."), which plaintiff additionally seeks to recover through a breach of contract claim, *see* Compl. ¶¶ 22-27. Although the Court has not been made aware of a case applying D.C. law that explicitly holds a breach of contract claim barred by the Act's exclusivity provision, it is aware of cases in another district that have found such a bar. *See, e.g., Arthur v. Liberty Mut. Fire Ins. Co.*, No. 05-cv-680, 2005 WL 3078842, at *2 (D. Colo. Nov. 16, 2005) ("Colorado law makes clear that if covered by the Act, one may not seek damages based on the theory of breach of contract for unpaid or late disability and medical benefits because the Act's exclusivity provision provides the exclusive remedy." (citing *McKelvy v. Liberty Mut. Ins. Co.*, 983 P.2d 42, 43-44 (Colo. App. 1998))).

with the law of the District of Columbia and this Circuit and by plaintiff's own admission, defendant's motion to dismiss these claims for lack of subject matter jurisdiction is GRANTED.[9]

Finally, plaintiff's breach of contract claim must also be dismissed. To prevail on a breach of contract claim, a plaintiff must establish "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). "An insurance policy establishes a contractual relationship between the company and its policy holder," *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087 (D.C. 2008), but, "[o]ne who is not a party to a contract nonetheless may sue to enforce its provisions if the contracting parties intend the third party to benefit directly thereunder," *W. Union Tel. Co. v. Massman Constr. Co.*, 402 A.2d 1275, 1277 (D.C. 1979). Thus, because neither Mrs. McDaniels, her beneficiaries, or her husband were ever a party to the contract at issue, nor was Mrs. McDaniels or her beneficiaries third-party beneficiaries of the contract,[10] plaintiff lacks standing to bring a breach of

---

[9] Because the Court dismisses plaintiff's tort claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, it need not address defendant's Rule 12(b)(6) arguments as to these claims.

[10] At most, plaintiff has alleged that Fletcher McDaniels was an intended beneficiary of the insurance contract. *See* Compl. ¶ 5 ("As the workers compensation insurer . . . Liberty Mutual became obligated . . . to pay workers compensation benefits to Fletcher McDaniels."), *and* Pl.'s Opp'n at 10 ("Fletcher McDaniels was paid periodically under the workers' compensation insurance contract between [Liberty Mutual and Mr. McDaniels' employer] for injuries he sustained at work."), *and* Def.'s Mem. at 3 ("By way of its obligations in the insurance policy, Liberty Mutual paid workers' compensation benefits to Fletcher McDaniels.").

contract claim.  For these reasons, defendant's motion to dismiss plaintiff's claim for breach of contract is GRANTED.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS Motion of Defendant Liberty Mutual Group Inc. to Dismiss Plaintiff's Complaint [Dkt. #4] and dismisses the action in its entirety.  An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

8